IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL ACTION NO. 1:10 CV 113 |
|---|---|---|
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| THE TIMKEN COMPANY, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Carmen Halloren who was adversely affected by such practices. This is also an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Carmen Halloren who was adversely affected by such practices. Specifically, Plaintiff EEOC alleges that Defendant violated the ADA when it failed to hire Halloren for a full-time position because of her association with a person with a disability. In addition, Plaintiff EEOC alleges that Defendant violated both Title VII and the ADA when it failed to hire Halloren for a full-time position because of her sex, female and the fact that she is the

mother of a disabled child. Defendant's actions violated Section 102(b)(4) of the ADA, 42 U.S.C. §12112, and Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference of Title VII of the Civil Rights Act of 1964 ("Title VII"). This action is also authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a).

4. At all relevant times, Defendant The Timken Company ("Defendant"), has continuously been an Ohio corporation, doing business in the State of North Carolina and the City of Randleman, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Carmen Halloren filed a charge with the EEOC alleging violations of the ADA and Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. In or around July 2007, Defendant engaged in unlawful employment practices at Defendant's Randleman (Asheboro) plant located in Randleman, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and Section 102(b)(4) of the ADA, 42 U.S.C. §12112, by failing to hire Halloren, who is the mother of a disabled child, into an available full-time position because of her association with her disabled child. Halloren began working for Defendant in 2003 as a part-time

Process Associate. In July 2007, Halloren applied for a vacant full-time Process Technician position. Halloren met the minimum qualifications for the position and was qualified to perform the job. In fact, after applying for the position, Halloren advanced through the entirety of Defendant's multi-phase hiring process which included a battery of testing, a one-on-one interview, pre-employment training, and a panel interview. Halloren successfully completed each phase of the hiring process. At various phases of the hiring process, Halloren scored higher than several of the persons who were selected into the position. Halloren also had more seniority than most or all of the internal candidates who were selected for the position.

     10.    On or about July 27, 2007, Defendant selected 12 individuals for the full-time Process Technician position and rejected Halloren for the position. Defendant rejected Halloren for the full-time Process Technician position under circumstances giving rise to an inference of unlawful discrimination. Specifically, three of Defendant's decisionmakers (hereafter "the decisionmakers") made discriminatory statements concerning Halloren's ability to work full-time and care for a disabled child. One of the decisionmakers told Halloren she was not hired for the full-time position because Defendant had concerns about Halloren's availability and flexibility due to her being the mother of a disabled child. The other two decisionmakers questioned Halloren about how she could care for her disabled child if Halloren was hired into a full-time position.

     11.    Halloren is the mother of a child who is diagnosed with mental retardation and severe autism. The child, who is a teenager, is developmentally disabled and functions at the level of a 2-1/2 year old. He cannot care for himself and will never live

4

independently. At the time of Halloren's non-selection for the position, each of the decisionmakers knew that Halloren has a disabled child.

12. Based on information in paragraphs 9 through 11, Defendant failed to hire Halloren for a vacant full-time Process Technician position for which she was qualified because of Halloren's association or relationship with a person with a disability. Defendant's actions are in violation of Section 102(b)(4) of the ADA, 42 U.S.C. §12112.

13. Based on information in paragraphs 9 through 11, Defendant failed to hire Halloren for a vacant full-time Process Technician position for which she was qualified because Halloren is a mother (female) of a disabled child. Thus, Defendant discriminated against Halloren based on her sex, female in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and her association with a person with a disability in violation of Section 102(b)(4) of the ADA, 42 U.S.C. §12112.

14. The effect of the practices complained of above have been to deprive Carmen Halloren of equal employment opportunities and otherwise adversely affect her status as an employee because of her association with a person with a disability.

15. The effect of the practices complained of above have been to deprive Carmen Halloren of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female, and her association with a person with a disability.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained above were done with malice or with reckless indifference to the federally protected rights of Carmen Halloren.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice which discriminates on the basis of disability and/or sex.

B.      Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Carmen Halloren by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Halloren.

D.      Order Defendant to make whole Carmen Halloren by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Defendant to make whole Carmen Halloren by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, damage to professional reputation and loss of civil rights, in amounts to be determined at trial.

F.      Order Defendant to pay Carmen Halloren punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

This the 8th day of February, 2010.

>Respectfully submitted,
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>1801 L Street, N.W.
>Washington, D.C. 20507
>
>s/ Lynette A. Barnes
>LYNETTE A. BARNES (NC Bar # 19732)
>Regional Attorney
>
>s/ Tina Burnside
>TINA BURNSIDE (WI Bar# 1026965)
>Supervisory Trial Attorney
>
>s/ Nicole Epstein
>NICOLE EPSTEIN (NC Bar# 26689)
>Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Charlotte District Office

7

129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 954-6468 (Direct Dial)
(704) 954-6412 (Facsimile)
Nicole.Epstein@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

8